**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

v.

DANEYELLE JACKSON,

           Defendant - Appellant.

No. 13-50171

D.C. No. 2:10-cr-01325-MMM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

    Daneyelle Jackson appeals from the district court's judgment and challenges

the 24-month sentence imposed upon revocation of probation. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jackson contends that the district court procedurally erred by (1) failing to calculate the applicable Guidelines range; (2) failing to adequately explain the sentence; (3) failing to address the 18 U.S.C. § 3553(a) sentencing factors, and (4) relying on improper factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Jackson has not shown a reasonable probability that she would have received a different sentence had the court explicitly calculated the Guidelines range or explained why it adopted the range applicable to Jackson's underlying offense rather than the range provided in U.S.S.G. § 7B1.4. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Moreover, the district court adequately addressed the relevant sentencing factors and did not rely on any impermissible factor. *See United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006).

To the extent Jackson contends that her sentence is substantively unreasonable, the district court did not abuse its discretion in imposing Jackson's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the relevant sentencing factors and the totality of the circumstances, including Jackson's repeated probation violations. *See id.*

**AFFIRMED.**

13-50171